In the Matter of the Claim of AUGUST NIEBUHR, Respondent, against MOON OVER MULBERRY STREET, INC., Appellant.— Appeal from an award of the State Industrial Board, noticed September 8, 1936. Claimant was a watchman in a theatre during the day. The Board has found that claimant also had duties to control the steam valves in the basement, and that it was necessary to use a ladder to do this; that he fell from the ladder, and was injured. The claim was contested on the grounds that claimant when injured was engaged in work forbidden by the employer, and that his injuries were due solely to intoxication. There is some evidence to support the finding. Award affirmed, with costs to the State Industrial Board. Hill, P. J., Rhodes, McNamee and Bliss, JJ., concur; Crapser, J., dissents, and votes to reverse the award and to dismiss the claim, upon the ground that upon all the evidence in the case the accident was caused solely as result of the intoxication of the claimant.

AMY E. KELLER, Respondent, v. CARRIE A. PECK, Appellant and Another.— Appeal by defendant Carrie A. Peck from a judgment of foreclosure and sale rendered by the County Court of Otsego county on September 21, 1936, and entered in the office of the clerk of the county of Otsego on September 22, 1936. This action is to foreclose a mortgage on real estate. The bond and mortgage were given by Carrie A. Peck to Amy E. Keller on August 22, 1935 covering real property located in the county of Otsego, providing for the payment of $2,200 as follows: " The sum of One Hundred ($100) Dollars with interest at 5% payable semiannually." The mortgagor failed to pay the $100 of principal which became due February 22, 1936 and about six months later this foreclosure action was commenced. It was contended by the defendant that the mortgagee had extended the time of payment of this installment of principal and also that the mortgagee had not exercised her option under the acceleration clause which provided that the whole of the principal sum should become due after default in the payment of any installment of principal for thirty days. The trial court found against the mortgagor on each of these issues. The appellant raised the same questions on this appeal and also urges that the additional allowance of five per cent on the amount due under the mortgage made under section 1513 of the Civil Practice Act was error. Judgment unanimously affirmed, with costs. Present — Hill, P. J., McNamee, Crapser, Bliss and Heffernan, JJ.